UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION


FILED
APR 0 6 2009

****************************************************************************

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 08-30112 (01) |
| Plaintiff, | |
| -vs- | ORDER AND OPINION |
| WAYLON C. BLACK CROW, JR., | |
| Defendant. | |

****************************************************************************

The defendant has filed a motion (Doc. 23) to suppress statements with a supporting memorandum (Doc. 24). The government filed a response (Doc. 29). United States Magistrate Judge Moreno conducted an evidentiary hearing on March 25, 2009. The defendant and counsel for both parties were present. I have conducted a *de novo* review of the transcript (Doc. 39) and all other documents and the numerous exhibits.

The magistrate issued a report and recommendation (Doc. 37) after announcing his bench decision (Doc. 36). The recommendation is to deny the motion to suppress.

The defendant filed objections (Doc. 40) dealing with the recommendation as to the suppression motion which objections are without legal merit.

The report and recommendations should be adopted, the suppression motion denied, and the objections overruled.

The defendant has also filed a motion in limine (Doc. 41) to prohibit the evidence specified. The motion is supported by a memorandum of law (Doc. 42). All the evidence is relevant pursuant to Fed.R.Evid. 402. The question is whether or not the evidence should be excluded pursuant to Fed.R.Evid. 403. In other words, is the probative value of the evidence outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence? All the evidence is part of the res gestae of the activities on the day of the alleged crimes. The people sleeping in the adjacent bedroom

will be likely witnesses even though not "named" as victims. Count IV of the indictment does not "name" a victim. The proof of a knowing discharge of a firearm during and in relation to a crime of violence, i.e. assault with a dangerous weapon, could be satisfied by the defendant discharging the firearm so as to pass through the adjoining bedroom. There is thus no question that the evidence pertains directly to a count of the indictment. All the evidence sought to be suppressed easily meets the balancing test of Rule 403 and the motion should be denied with one exception.

The statements made to the police dispatcher by people other than the defendant should be prohibited. The statements may be in violation of Crawford v. Washington, 541 U.S. 36 (2004). The statements would be testimonial and were, in part, requested by the police dispatcher.

Now, therefore,

IT IS ORDERED, as follows:

1) The motion (Doc. 23) to suppress statements of the defendant is denied.

2) The report and recommendation (Doc. 37) is adopted.

3) The objections (Doc. 40) of the defendant to the report and recommendation are overruled.

4) The motion in limine (Doc. 41) is denied with the exception that the motion to prohibit evidence as to statements made by persons other than the defendant to the police dispatcher is granted.

Dated this 6th day of April, 2009.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Barbara J. Graepke*
                      DEPUTY
(SEAL)